TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
SAPNA MEHTA (CSB No. 288238)
smehta@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

Attorneys for Specially Appearing
Defendants KEYNETICS INC. and
CLICK SALES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM G. SILVERSTEIN, | Case No.: 2:18-CV-4100-JAK-AGR |
| Plaintiff, | **JOINT RULE 16(b)/26(f) REPORT** |
| v. | Date:       July 16, 2018 |
| KEYNETICS INC., CLICK SALES INC., and DOES 1-50 inclusive, | Time:       1:30 p.m.<br>Judge:      Hon. John A. Kronstadt<br>Trial Date: None set |
| Defendants. | Date Complaint Filed:  April 2, 2018 |

## A.   STATEMENT OF THE CASE

Plaintiff William Silverstein sued Defendants Keynetics, Inc. and Click Sales, Inc. ("Defendants") for alleged violations of California Business and Professions Code Sections 17529.5(a)(1) and (a)(2). Plaintiff alleges that Defendants are responsible for sending false and deceptive emails without Plaintiff's consent.

Plaintiff contends that each of the complained of e-mails are materially deceptive under both the CAN-SPAM Act and California Business & Professions Code § 17529.5. Each of these deceptive e-mails advertise products that Defendants are the retailer for. Plaintiff contends that California jurisdiction is proper as Defendants' agents transmitted the e-mails to Plaintiff in California. Defendants' highly interactive web site which takes payments for the products which Defendants retail, is actually located in California. Defendants' California located web site is central to Defendants' extensive, ongoing, and sophisticated sales effort.

Defendants contend that Defendants are not subject to personal jurisdiction in California, and that this Court should dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(2). Defendants are both Delaware corporations with principal places of business in Boise, Idaho. Neither Keynetics, Inc. nor Click Sales, Inc. is a citizen of California. Neither company is incorporated in California, operates its principal place of business in California, or has any employees in California. Neither company directed the conduct alleged in the Complaint to California. Defendants also contend that they are not an "advertiser" as that term is used in Business and Professions Code § 17529.5(a). Defendants further contend that Plaintiff has failed to adequately plead that emails he claims to have received contained "falsified, misrepresented, or forged" header information and that his claims are preempted by the CAN-SPAM Act, 47 U.S.C. § 7707(b).

**B.     SUBJECT MATTER JURISDICTION**

Plaintiff contends that the amount in controversy is only $73,000.00. The injunctive relief requested in the complaint is actually a request that Defendants comply with their preexisting legal obligation under both the CAN-SPAM Act and California Business & Professions Code § 17529.5. Despite Defendants' claim that that it would cost $5,000.00 for Defendants to comply with the law, Plaintiff has established that it would cost less than $500.00 to comply with the injunction. Even if the Court was to take Defendants' claim that the jurisdictional amount has been satisfied, there is not Article III standing under federal law. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

Defendants contend that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). It is undisputed that the parties are completely diverse—Defendants are Delaware corporations headquartered in Boise, Idaho. Defendants contend that the amount in controversy exceeds $75,000 because Plaintiff seeks $73,000 in statutory damages, and the injunctive relief that Plaintiff seeks—to enjoin Defendants form "sending misleading commercial e-mail to Plaintiff or to Plaintiff's servers"—will amount to over $5,000. Defendants contend that they do not send any commercial emails for products available for purchase on the Clickbank platform, which is operated by Click Sales. Rather, sellers and their affiliates send emails outside the Clickbank platform without Click Sales's knowledge or control. Thus, Defendants contend that, to comply with the injunction sought by Plaintiff, Click Sales must develop policies and systems to ensure that commercial emails are sent only through the Clickbank platform—this requires purchasing additional servers, developing or purchasing software, and personnel time.

**C.     LEGAL ISSUES**

The parties have identified the following legal issues:

2

- Whether this Court has subject matter jurisdiction over the action.
- Whether this Court has personal jurisdiction over Defendants.
- Whether Plaintiff's allegation that the registration of the sending domain names in the emails identified in the complaint with Whois Privacy Corp. alleges a violation of California Business and Professions Code Section 17529.5(a)(1).
- Whether the emails at issue in the Complaint contain false or fraudulent headers in violation of California Business and Professions Code Section 17529.5(a)(2).
- Whether Plaintiff's claims are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7701, *et seq*.
- Whether Plaintiff has adequately pleaded that Defendant is an "advertiser" under Business and Professions Code § 17529.5(a).
- Whether Plaintiff has sufficiently pleaded facts to state a claim against Keynetics for the alleged acts of its subsidiary, Click Sales.
- Whether Plaintiff's pleading is so vague or ambiguous that Defendants cannot reasonably prepare a response.
- Whether Defendants have established and implemented, with due care, practices and procedures reasonably designed to effectively prevent the sending of deceptive e-mails which would entitle them to a reduction of damages under California Business & Professions Code § 17529.5(b)(2).

## D.   PARTIES AND NON-PARTY WITNESSES

The parties include Plaintiff William Silverstein, appearing pro se. Defendant Click Sales, Inc. is a wholly owned subsidiary of Defendant Keynetics. Defendant Keynetics, Inc. has no parents or subsidiaries with a pecuniary interest in the

PARTIES' JOINT RULE 16(b)/26(f) REPORT

SILVERSTEIN V. KEYNETICS, ET AL
CASE NO.: 2:18-cv-4100-JAK-AGR

1  outcome of this case.

2      Although the case is still at an early stage, and formal discovery has not yet

3  commenced, based on the allegations of the Complaint, Defendants believe a

4  corporate representative of Whois Privacy Corp. may be called as a non-party

5  witness. Plaintiff believes that a corporate representative of Google may be called

6  as a non-party witness.

7  **E.    DAMAGES**

8      Plaintiff seeks $73,000 in statutory damages and injunctive relief. Defendants

9  contend that Plaintiff is not entitled to any damages.

10  **F.    INSURANCE**

11      Plaintiff has no insurance that would apply to this lawsuit.

12      Defendants are continuing its review of its insurance policies. While it is not

13  currently aware of any applicable insurance policies, it reserves its right to amend

14  its Rule 26 initial disclosures to identify any applicable insurance policies.

15  **G.    MOTIONS**

16      Plaintiff has a pending motion to remand. Plaintiff may file a motion for

17  summary judgment or in the alternative, summary adjudication.

18      After the Court rules on Plaintiff's motion to remand, and assuming the

19  Court denies the motion, Defendants intend to file a motion to dismiss for lack of

20  personal jurisdiction, and, in the alternative to dismiss for failure to state a claim

21  upon which relief may be granted.

22  **H.    MANUAL FOR COMPLEX LITIGATION**

23      Neither party wishes to use any procedures from the Manual for Complex

24  Litigation.

25  **I.    STATUS OF DISCOVERY**

26      As the parties have been contesting subject matter jurisdiction and expect to

27  contest personal jurisdiction, the parties have not yet engaged in formal discovery.

28

The parties have engaged in discussions concerning the categories of information to be exchanged informally and that are likely to be requested in formal discovery. Plaintiff has already provided copies of the e-mails at issue, both in raw and rendered format, allowing with data which tracks the e-mails to Defendants' web sites. However, Defendants to this point have refused to provide information on all its affiliates which would be used not only to oppose Defendants' FCRP 12b(2) motion, but to dispute any claim that Defendants are entitled to a reduction under California Business & Professions Code § 17529.5(b). The parties intend to work out how and when they will exchange requested documents. However, Plaintiff believes that discovery should commence immediately as there are hard deadlines in this litigation, where Defendants believe it should commence after this Court issues its ruling on Plaintiff's motion to remand and Defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim.

**J.     DISCOVERY PLAN**

If this Court denies Plaintiff's motion to remand and denies Defendants' motion to dismiss, the parties will review their opponent's documents and plan to depose their opponent's witnesses. Plaintiff will review Defendants' documents and written discovery responses and may depose Defendants' representatives.

At this time, Defendants intend to depose Plaintiff in Los Angeles, and may seek to depose a corporate representative of Whois Privacy Corp. Both parties may need to depose additional third parties, but their identities are not yet known. The parties will work together in good faith to identify mutually agreeable dates and locations for all depositions.

Plaintiff believes there may be a need to exceed the limit on interrogatories under Rule 33 of the Federal Rules of Procedure. Plaintiff believes that written discovery can reduce the need for depositions and make the needed depositions more efficient. Defendants contend that there is no need to exceed the limits on

interrogatories under Rule 33 of the Federal Rules of Procedure, and reserve the right to challenge Plaintiff's need for more than 25 interrogatories.

The parties intend to submit a stipulated protective order for approval.

The parties have agreed on a schedule for completion of discovery, per the attached timetable, and that discovery should be conducted in phases. The parties agree that the deadline for fact discovery should be July 15, 2019. The deadline for expert discovery should be August 26, 2019.

Should this Court deny Plaintiff's motion to remand, Plaintiff intends to seek jurisdictional discovery, including information on all of Defendants' publishers, vendors, and sales.  If this Court denies Defendants' motion to dismiss, Plaintiff intends to seek discovery regarding all of Defendants' publishers, Defendants' policies and procedures regarding spam, and the deceptiveness of the e-mails.

**K.    DISCOVERY CUT-OFF**

The parties agree that the deadline for fact discovery should be July 15, 2019. The deadline for expert discovery should be August 26, 2019.

**L.    EXPERT DISCOVERY**

The parties agree that the deadline for expert discovery should be August 26, 2019, with initial expert disclosures due on July 29, 2019, and rebuttal disclosures due on August 12, 2019.

**M.    DISPOSITIVE MOTIONS**

Plaintiff anticipates filing a motion for summary judgment or in the alternative summary adjudication. Defendants anticipate filing a motion for summary judgment if the case is not dismissed at the pleading stage.

**N.    SETTLEMENT**

The parties have not yet discussed potential avenues of settlement. The parties believe mediation by the Mediation Panel would be the more productive ADR vehicle.

## O.   TRIAL ESTIMATE

The parties anticipate that four days is a realistic estimate for trial by jury. Until the parties complete some discovery, they cannot estimate the number of witnesses.

## P.   TRIAL COUNSEL

Plaintiff is pro se. Tyler Newby (lead), Sapna Mehta, and Chieh Tung will serve as trial counsel for Defendants.

## Q.   INDEPENDENT EXPERT

The parties do not believe that this case is one in which this Court should appoint a Master under Rule 53.

## R.   TIMETABLE

See attached.

## S.   OTHER ISSUES

At this time, the parties have not identified any other issues.

## T.   MAGISTRATE JUDGE

The parties do not wish to have a magistrate judge preside.


Dated:  July 6, 2018                    FENWICK & WEST LLP


By: */s/ Tyler G. Newby*
    Tyler G. Newby
    Attorneys for Specially Appearing
    Defendants KEYNETICS INC. and
    CLICK SALES INC.


By: */s/ William G. Silverstein*
    William G. Silverstein
    Pro Se Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Under Local Rule 5-4.3.4, Tyler G. Newby attests that the William G. Silverstein concurs in the filing's content and has authorized the filing.

## EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES

| Case No.: | 2:18-cv-04100-JAK-AGR |
|---|---|
| Case Name: | Silverstein v. Keynetics, Inc., et al. |

| Hearings: | | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|
| ____ Jury Trial *(Tuesday at 9:00 a.m.)* Duration Estimate: **4 Days** | | 1/28/2020 | 1/28/2020 | |
| Final Pretrial Conference ("FPTC") & Status Conference re Disputed Exhibits: *(Monday at 3:00 p.m.: Two weeks before the trial)* | | 1/13/2020 | 1/13/2020 | |
| **Proposed Motion Practice for Motions for Summary Judgment & Motions for Class Certification:** | **Weeks Before FPTC** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| Hearing on Motion | 6 | 12/2/2019 | 12/2/2019 | |
| Reply to Motion | 8 | 11/18/2019 | 11/18/2019 | |
| Response to Motion | 10 | 11/4/2019 | 11/4/2019 | |
| Last day to File Motion | 12 | 10/21/2019 | 10/21/2019 | |
| **Deadlines:** | **Weeks before PFTC** | | | |
| Anticipated Ruling on All Motions | 4 | 12/17/2019 | 12/17/2019 | |
| Last Date to Hear Motions *(including discovery motions)* | 8 | 11/18/2019 | 11/18/2019 | |
| Last Date to File Motions *(including discovery motions)* | 20 | 8/26/2019 | 8/26/2019 | |
| Expert Discovery Cut-Off | 20 | 8/26/2019 | 8/26/2019 | |
| Expert Disclosure (Rebuttal) | 22 | 8/12/2019 | 8/12/2019 | |
| Expert Disclosure (Initial) | 24 | 7/29/2019 | 7/29/2019 | |
| Non-Expert Discovery Cut-Off | 26 | 7/15/2019 | 7/15/2019 | |

| Last Date to Add Parties/Amend Pleadings | | 5/13/2019 | 5/13/2019 | |
|---|---|---|---|---|
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | | Plaintiff's Request | Defendant's Request | Court Order |
| 1.Outside ADR/Non-Judicial (Private) | | Mediation Panel | Mediation Panel | |
| Last day to conduct settlement conference/mediation | | 10/14/2019 | 10/14/2019 | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | | 10/18/2019 | 10/18/2019 | |
| Post Mediation Status Conference: *(Monday at 1:30 pm: 14 days after the last day to conduct settlement)* | | 10/28/2019 | 10/28/2019 | |

10